COBB, Judge,
concurring specially.
For the reasons set forth in footnote 4 of the majority opinion relating to waiver and discharge, I concur that the trial court’s award must be reversed. However, had the encumbered property been released by the bankruptcy court to the state circuit court (instead of being sold to the secured creditor by the trustee) based on a finding that the bank’s debt was under-secured, then it would have been appropriate for the state court to award an additional fee for the additional work and include it in an amended foreclosure judgment, in which event that fee could have been paid by the purchaser at foreclosure sale or by the bank itself. At that point, the bank’s prospect for a deficiency judgment against the Dvoraks would have *1080 depended upon whether or not the latter Aj^re discharged by the bankruptcy court from the balance of their debt to the bank remaining after foreclosure.
DAUKSCH, J., concurs.